Filed 3/25/21  P. v. Lavera CA2/4
NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(a). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115(a).

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FOUR

| | |
|---|---|
| THE PEOPLE, | B305936 |
| Plaintiff and Respondent, | Los Angeles County |
| v. | Super. Ct. No. A950222 |
| TODD LAVERA, | |
| Defendant and Appellant. | |

APPEAL from an order of the Superior Court of Los Angeles County, Laura F. Priver, Judge. Reversed and remanded with instructions.

Eric R. Larson, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Acting Senior Attorney General, Idan Ivri and Thomas C. Hsieh, Deputy Attorneys General, for Plaintiff and Respondent.

# INTRODUCTION

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (SB 1437), effective January 1, 2019, amended the felony-murder rule and eliminated the natural and probable consequences doctrine as it relates to murder. Under Penal Code section 1170.95,[1] a person who was convicted under theories of felony murder or murder under the natural and probable consequences doctrine, and who could not be convicted of murder following the enactment of SB 1437, may petition the sentencing court to vacate the conviction and resentence on any remaining counts.

In 1989, a jury convicted defendant and appellant Todd Lavera of two counts of first degree murder under a felony-murder theory of liability. In 2019, he filed a petition for recall and resentencing under section 1170.95. The trial court denied the petition, concluding that although Lavera was convicted under a felony-murder theory, a review of the facts contained in the record of conviction showed, as a matter of law, he was not entitled to relief because he was a major participant in the robberies who acted with reckless indifference to human life. The court made this factual determination without first issuing an order to show cause or holding an evidentiary hearing.

Although the procedure followed by the trial court was based on what may then have been a plausible construction of the statute, subsequent cases have interpreted the statute's procedural requirements differently. Thus, on appeal, Lavera argues the trial court erred by concluding he was a major participant who acted with reckless indifference to human life

---

1    All undesignated statutory references are to the Penal Code.

without first issuing an order to show cause and holding an evidentiary hearing. The Attorney General agrees. We, too, agree, based on recent caselaw. Therefore, we reverse the trial court's denial of Lavera's petition. On remand, the trial court is directed to issue an order to show cause and hold an evidentiary hearing on whether Lavera is entitled to relief under section 1170.95. At this hearing, the parties may introduce new or additional evidence on whether Lavera was a major participant in the robberies who acted with reckless indifference to human life.

## BACKGROUND[2]

In 1989, a jury convicted Lavera of the first-degree murders of David Thompson (count one) and Leopoldo Salgado (count four) based on a felony-murder theory of liability. (§ 187, subd. (a).) The jury also convicted Lavera of two counts of second degree robbery (§ 211; counts two and three), and two counts of attempted robbery (§§ 664/211; counts five and seven).[3] The jury found true the robbery murder special circumstance allegation attached to count one, and found not true the robbery murder special circumstance allegation attached to count four. The jury also found a principal was armed with a firearm in the commission of both those offenses (§ 12022, subd. (a)), in addition to finding true other allegations attached to the non-murder counts.

---

2       We take judicial notice of our opinion in case number B045904, filed April 13, 1992, resolving Lavera's direct appeal. (See Evid. Code, § 452, subd. (a).) The following procedural information is in part taken from that opinion.

3       The trial court struck count six.

3

Because the crimes in this case occurred in April of 1987, the jury's robbery special circumstance finding on count one required a finding that Lavera harbored an intent to kill. (See *People v. Bolden* (2002) 29 Cal.4th 515, 560 [for crimes committed between the California Supreme Court's decision in *Carlos v. Superior Court* (1983) 35 Cal.3d 131 and its October 13, 1987 decision in *People v. Anderson* (1987) 43 Cal.3d 1104, felony-murder special circumstance allegations required a finding of intent to kill regardless of whether the defendant was the actual killer or an accomplice].) However, that finding was later stricken when the prosecution conceded a failure of proof as to Lavera's specific intent to kill and a motion to strike the robbery special circumstance was granted by the trial court.

The trial court sentenced Lavera to a term of eight years and four months plus 50 years to life, which included consecutive terms of 25 years to life for each murder conviction. On direct appeal, this court affirmed the judgment while remanding the case for a modification to Lavera's sentence that is not relevant to this appeal.

In 2019, Lavera filed a petition for resentencing under section 1170.95. The trial court ordered the prosecution to file a response, appointed counsel for Lavera, and set a briefing schedule permitting Lavera's attorney to file a reply within 30 days of the prosecution filing a response.

The prosecution filed a response to the petition arguing Lavera was ineligible for relief for several reasons, including that he was a major participant in the robberies who acted with reckless indifference to human life.

The trial court denied Lavera's petition. In its memorandum of decision, the court concluded Lavera was, as a

matter of law, not entitled to relief because, based on its review of the record of conviction, the facts showed Lavera was a major participant who acted with reckless indifference to human life.

On March 6, 2020, after the court issued its memorandum of decision, defense counsel filed a reply to the prosecution's response arguing Lavera was entitled to relief. On March 18, 2020, the trial court noted it had reviewed Lavera's reply, but did not change its ruling denying relief.

Lavera timely appealed.

## DISCUSSION

**The Trial Court Is Directed to Issue An Order to Show Cause and Hold An Evidentiary Hearing to Determine Whether Lavera Is Entitled to Section 1170.95 Relief**

### A. Governing Principles

#### 1. SB 1437's Limitation of Accomplice Liability for Murder

The Legislature enacted SB 1437 "to amend the felony-murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).) SB 1437 amended section 189 to provide that a participant in qualifying felonies during which death occurs generally will not be liable for murder

unless the person was (1) "the actual killer," (2) a direct aider and abettor in first degree murder, or (3) "a major participant in the underlying felony [who] acted with reckless indifference to human life[.]" (§ 189, subd. (e).)[4]

SB 1437 also "added a crucial limitation to section 188's definition of malice for purposes of the crime of murder." (*People v. Verdugo* (2020) 44 Cal.App.5th 320, 326, rev. granted, S260493, Mar. 18, 2020 (*Verdugo*).) Under new section 188, subdivision (a)(3), "'[m]alice shall not be imputed to a person based solely on his or her participation in a crime.' [Citations.]" (*People v. Lewis* (2020) 43 Cal.App.5th 1128, 1135 (*Lewis*), rev. granted, S260598, Mar. 18, 2020.)[5] "As a result, the natural and probable consequences doctrine can no longer be used to support a murder conviction. [Citations.]" (*Ibid.*)

---

4    This limitation does not apply "when the victim is a peace officer who was killed while in the course of the peace officer's duties, where the defendant knew or reasonably should have known that the victim was a peace officer engaged in the performance of the peace officer's duties." (§ 189, subd. (f).)

5    The review order in *People v. Lewis* states: "The issues to be briefed and argued are limited to the following: (1) May superior courts consider the record of conviction in determining whether a defendant has made a prima facie showing of eligibility for relief under Penal Code section 1170.95? (2) When does the right to appointed counsel arise under Penal Code section 1170.95, subdivision (c)." (*Lewis*, S260598, Supreme Court Mins. Mar. 18, 2020.) The review order in *Verdugo* states: "Further action in this matter is deferred pending consideration and disposition of a related issue in *People v. Lewis*, S260598 (see Cal. Rules of Court, rule 8.512(d)(2)), or pending further order of the court." (*Verdugo*, S260493, Supreme Court Mins., Mar. 18, 2020.)

## 2. Petitions to Vacate Prior Convictions

SB 1437 also added section 1170.95 to the Penal Code. This section permits individuals who were convicted of felony murder or murder under a natural and probable consequences theory, but who could not be convicted of murder following SB 1437's changes to sections 188 and 189, to petition the sentencing court to vacate the conviction and resentence on any remaining counts. (§ 1170.95, subd. (a).) A petition for relief under section 1170.95 must include: "(A) A declaration by the petitioner that he or she is eligible for relief under this section, based on all the requirements of subdivision (a). [¶] (B) The superior court case number and year of the petitioner's conviction. [¶] (C) Whether the petitioner requests the appointment of counsel." (§ 1170.95, subd. (b)(1).) If any of the information is missing "and cannot be readily ascertained by the court, the court may deny the petition without prejudice to the filing of another petition and advise the petitioner that the matter cannot be considered without the missing information." (§ 1170.95, subd. (b)(2).)

If the petition contains the required information, section 1170.95, subdivision (c), prescribes "a two-step process" for the court to determine if it should issue an order to show cause. (*Verdugo*, *supra*, 44 Cal.App.5th at p. 327.) First, the court must "review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section." (§ 1170.95, subd. (c).) If the petitioner has made this initial prima facie showing, and has requested that counsel be appointed, he or she is then entitled to appointed counsel. (*Ibid.*; *Lewis*, *supra*, 43 Cal.App.5th at p. 1140 ["trial court's duty to appoint counsel does not arise unless and until the court

7

makes the threshold determination that petitioner 'falls within the provisions' of the statute."].) The court then reviews the petition a second time. If, in light of the parties' briefing, it concludes the petitioner has made a prima facie showing that he or she is entitled to relief, it must issue an order to show cause. (§ 1170.95, subd. (c); *Verdugo*, *supra*, 44 Cal.App.5th at p. 328.)[6]

"Once the order to show cause issues, the court must hold a hearing to determine whether to vacate the murder conviction and to recall the sentence and resentence the petitioner on any remaining counts." (*Verdugo*, *supra*, 44 Cal.App.5th at p. 327, citing § 1170.95, subd. (d)(1).) At the hearing, the parties may rely on the record of conviction or present "new or additional evidence" to support their positions, and "the burden of proof shall be on the prosecution to prove, beyond a reasonable doubt, that the petitioner is ineligible for resentencing." (§ 1170.95, subd. (d)(3).)

### B. Analysis

Because the issue presented in this appeal is a pure question of law concerning the procedures section 1170.95 affords, we apply a de novo standard of review. (See *In re T.B.* (2009) 172 Cal.App.4th 125, 129.) We agree with the parties that the trial court erred by concluding Lavera was a major participant who acted with reckless indifference to human life

---

6      We reject Lavera's contention that *Verdugo* and *Lewis* were incorrect in concluding that section 1170.95, subdivision (c) sets forth a two-step procedure for determining whether to issue an order to show cause.

without first issuing an order to show cause and holding an evidentiary hearing.

After the trial court issued its ruling in this case, the Sixth District Court of Appeal further clarified the procedures mandated by section 1170.95. It explained that, "if the record 'contain[s] facts refuting the allegations made in the petition . . . the court is justified in making a credibility determination adverse to the petitioner.' [Citation.] However, this authority to make determinations without conducting an evidentiary hearing pursuant to section 1170.95, subd. (d) is limited to readily ascertainable facts from the record (such as the crime of conviction), rather than factfinding involving the weighing of evidence or the exercise of discretion (such as determining whether the petitioner showed reckless indifference to human life in the commission of the crime)." (*People v. Drayton* (2020) 47 Cal.App.5th 965, 980.) "At this stage of the petition review process, governed by section 1170.95(c), the trial court should not have engaged in this factfinding without first issuing an order to show cause and allowing the parties to present evidence at a hearing, as described in section 1170.95, subdivision (d)." (*Id.* at p. 982, fn. omitted.)

Because the trial court in this case concluded without issuing an order to show cause and holding a hearing that Lavera was ineligible for relief because he was an active participant in the crime who showed reckless disregard for human life, we reverse the trial court's order denying the petition and remand with directions to issue an order to show cause under section 1170.95, subdivision (c) and hold a hearing under section 1170.95, subdivision (d). We express no opinion regarding Lavera's entitlement to relief following the hearing.

## DISPOSITION

The order denying Lavera's section 1170.95 petition is reversed. On remand, the trial court is directed to issue an order to show cause and hold an evidentiary hearing to determine whether Lavera is entitled to section 1170.95 relief.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

CURREY, J.

We concur:

MANELLA, P.J.

WILLHITE, J.

10